**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Weber, | No. CV-16-01442-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) ("Petition"), the Report and Recommendation ("R&R") issued by United States Magistrate Judge James F. Metcalf on March 9, 2017 (Doc. 19), and Petitioner's Motion for Case Status pursuant to LRCiv. 7.2(l) (Doc. 24).

## I. Background

The Magistrate Judge set forth the full factual and procedural background of this case in his R&R. (Doc. 19 at 1-8). Petitioner has not objected to any of the information in these sections. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection"). The Court, however, finds it helpful to restate some of the relevant background facts here.

On April 13, 2007, Petitioner was charged in Maricopa County Superior Court with two counts of sexual conduct with a minor, and one count of sexual exploitation of a

minor based on a computer image of the alleged sexual conduct. (Doc. 19 at 2). On April 18, 2007, Petitioner was indicted on these three charges, as well as an additional eleven counts of sexual exploitation based on other computer files of child pornography. (*Id*.) Before jury selection began in Petitioner's trial, the State sought dismissal of the original three charges "for various reasons that the Court is aware of," stating that it did not "feel it's in a position to proceed" with those three counts. (*Id*. at 3). Petitioner did not object and the state court granted the State's request. (*Id*.) No evidence as to those three counts was introduced at trial and the charges were renumbered from one for the jury. (*Id*.) The jury convicted Petitioner on all eleven counts of child pornography. (*Id*.) The trial court imposed mitigated sentences of ten years per count, with each sentence to be served consecutively. (*Id*.)

Thereafter, Petitioner filed a direct appeal to the Arizona Court of Appeals. (*Id*.) Counsel was appointed to represent him. (*Id*.) After reviewing the record, Petitioner's appointed counsel was unable to find an issue for appeal and moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). (*Id*.) Petitioner was then granted leave to file a *pro per* supplemental brief. (*Id*.) In his brief, Petitioner made several substantive claims of error as well as ineffective assistance of trial counsel claims. (*Id*. at 4). He also argued that as a co-worker of his trial counsel, his appointed appellate counsel had a conflict of interest in violation of his Sixth Amendment effective assistance to counsel rights. (*Id*.) Petitioner did not make any argument regarding the improperness of the indictment in his direct appeal. (*Id*.) The Arizona Court of Appeals rejected the substantive claims Petitioner did advance and declined to address "other alleged irregularities" based on Petitioner's failure to "support those allegations with either citation to authority or substantive discussion." (Doc. 14-8, Ex. Z at 10; Doc. 19 at 5;). The court declined to reach Petitioner's ineffective assistance of trial and appellate counsel claims and directed Petitioner to raise such claims in post-conviction review proceedings. (Doc. 19 at 4). Finding no fundamental error, the Appeals Court ultimately affirmed Petitioner's convictions and sentences. (*Id*. at 5) Petitioner's subsequent

Motions for Reconsideration and Petition for Review were summarily denied. (*Id*.)

On September 11, 2011, Petitioner filed a Notice of Post-Conviction Relief. (*Id*. at 5). Counsel was again appointed, but again was unable to find an issue on which to seek relief. (*Id*.) Accordingly, counsel filed a Notice of Completion seeking leave for Petitioner to file a *pro per* Post-Conviction Review ("PCR") petition. (*Id*.) Petitioner filed his *pro per* PCR petition on January 17, 2013. (*Id*.) Therein, Petitioner raised several substantive arguments, one of which was that the state court's decision to renumber the counts in Petitioner's indictment after dismissing the first three counts unduly prejudiced him and rendered the indictment defective. (*Id*.) He also advanced ineffective assistance of trial counsel claims, in which he asserted that his trial counsel failed to challenge the allegedly defective indictment; that he failed to call a retained computer forensic expert; and that he failed to object to argue that Petitioner's probation officer and a witness known as "M" had no right to search Petitioner's computer. (*Id*.) Petitioner did not make an ineffective assistance of appellate counsel argument in these proceedings. The PCR court found that Petitioner's substantive arguments, including his argument that the amended indictment was defective, were precluded because they "could have been presented at trial or on appeal." (*Id*. at 6). The PCR court also dismissed Petitioner's claims of ineffective assistance of counsel as not colorable. (*Id*.) Petitioner was denied a rehearing. (*Id*. at 6). He then filed a Petition for Review with the Arizona Court of Appeals. In that Petition, Petitioner again raised his substantive claims, including his claim that the changes made to the indictment unfairly prejudiced him. (*Id*.) He also argued that his trial counsel was ineffective in failing to pursue the issues. (*Id*.) He did not present any argument that his PCR counsel or his appellate counsel was ineffective.

The Arizona Court of Appeals granted review but denied relief. (*Id*.) It first found that Petitioner had waived his right to argue the substantive issues, including issues related to the indictment, by failing to raise them on direct appeal. (*Id*.; Doc. 14-9, Ex. VV at 2 ("Any claim a defendant raised or could have raised on direct appeal is

precluded.")). The court also found that "[t]o the extent Weber suggests that his appellate counsel should have raised these issue [sic] on appeal, Weber did not raise this issue below. A petition for review may not present issues not first presented to the trial court." (Doc. 14-9, Ex. VV at 2-3). The court further found that Petitioner's trial counsel was not ineffective because "(1) any objection to the amendment of the indictment would have been futile []; failure to present an affidavit from the [computer] expert rendered his claim on that issue unsupported []; (3) the probation officer was authorized to conduct a warrantless search based only on reasonable suspicion, and Petitioner's probation was still in effect despite being in custody []." (*Id.* (internal citations omitted)). The Arizona Supreme Court summarily denied Petitioner's Petition for Review, and subsequent request for clarifications regarding the reasons for the denial. (*Id.*)

On May 10, 2016, Petitioner filed his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Doc. 1), which was then amended on May 16, 2018 (Doc. 5). In his Amended Petition, Petitioner raises seventeen grounds for relief (Doc. 5 at 2-23), which the Magistrate Judge, taking guidance from the parties' briefings, characterized as follows:

- **Ground 1 - Indictment:** Petitioner argues that the indictment was improper because **(a)**: it was amended after it was presented to the grand jury; **(b)** it was not supported by the evidence; and **(c)** the prosecution dropped some of the charges before trial.
- **Ground 2 – Exclusion of Computer Expert**: Petitioner argues that his Due Process rights were violated when the trial court did not allow him to refute the state's accusations by presenting the testimony of a computer expert witness;
- **Ground 3 – Seizure; and Ground 4 – Destruction of Evidence**: Petitioner argues a Fourth Amendment violation occurred when his probation officer seized his computers and disks from Petitioner's residence while Petitioner was incarcerated and that the officer destroyed forensic evidence by "putting his hands all…over everything."
- **Ground 5 – Ineffective Assistance of Counsel re: Expert**: Petitioner argues **(a)** his trial counsel was ineffective for failing to call a computer forensic expert; and **(b)** his post-conviction counsel was ineffective for failing to raise the substantive issue on appeal or that the failure was a basis for an ineffective assistance of counsel claim.
- **Ground 6 – Failure to Disclose; and Ground 11 – Disclosure regarding an**

**Internal Affairs Investigation**: Petitioner argues that his due process rights were violated when the trial court denied a motion for mistrial based on the state's failure to disclose certain information about a detective involved in the case who was the subject of an internal affirms investigation.

- **Ground 7 – Failure to Appear for Interview; and Ground 12 – Withholding Chief Witness**: Petitioner argues that the trial court erred in allowing the testimony of a witness who had failed to appear for a defense interview and similarly that his Due Process rights were violated when the state withheld this witness [MW] until "the day of trial (eve thereof)."
- **Grounds 8 and 13 – Admission of Prejudicial Evidence**: Petitioner argues that trial court violated his Due Process rights by failing to exclude prejudicial evidence of the pornography.
- **Ground 9 – False Evidence**: Petitioner argues that his Due Process rights were violated when the state presented evidence in the form of hard drives or modems that it knew or should have known to be false because they had been planted by his roommate, MW.
- **Grounds 10 and 15 – Conflict of Interest of Appellate Counsel**: Petitioner argues that his appointed appellate counsel failed to provide effective representation by operating under a conflict of interest because he and Petitioner's trial counsel were co-workers at the same law firm.
- **Ground 14 – Jail Clothes**: Petitioner argues that his Due Process rights were violated when he was seen by the jury in "jail clothing."
- **Ground 16 – Access to Law Library and Legal Resources**: Petitioner argues that he was denied access to the law library and legal resources prior to and during his post-conviction proceedings.
- **Ground 17 – Fingerprints**: Petitioner argues that **(a)** the State improperly relied upon undisclosed evidence and false statements regarding metaphorical references to Petitioner's "fingerprints" on the pornography; and **(b)** that his post-conviction counsel was ineffective in failing to raise this issue.

In a 70-page analysis, Judge Metcalf determined that Petitioner had procedurally defaulted or was procedurally barred from asserting the claims asserted in Grounds 1(a) (amendment to indictment) and 1(b) (unsupported indictment), 3 (seizure), 4 (destruction of evidence), 7 (failure to interview), 9 (false evidence), 10 (IAC re: appellate counsel's conflict of interest), 12 (withholding witness), 14 (jail clothes), 15 (IAC re: appellate counsel's conflict of interest), 16 (access) and 17(a) (fingerprints) and 17(b) (PCR ineffectiveness with regard to fingerprints). (Doc. 19 at 67). He also found that Petitioner had failed to establish cause and prejudice or actual innocence with regard to these claims, and all of them lacked merit, and thus recommended dismissing them with

prejudice.  (*Id.*)

Although Judge Metcalf found that the issue of exhaustion had not been addressed by Respondents in their Response brief with regard to Grounds 1(c) (dismissal of charges from indictment), 2 (failure to call computer expert), and 5(b) (ineffective assistance of PRC counsel regarding failure to raise ineffective assistance of trial counsel regarding failure to call computer expert), he nonetheless found these claims were plainly without merit, and recommended denying the same.  (*Id.*)

Judge Metcalf also found that although Petitioner had properly exhausted his remedies as to Ground 5(a) (ineffective assistance of trial counsel for failing to call computer expert), 6 (failure to disclose detective information), 8 (admission of prejudicial evidence), 11 (failure to disclose internal affairs investigation), and 13 (admission of prejudicial evidence), all of these claims were without merit, and recommended denying the same.  (*Id.*)  Finally, Judge Metcalf recommended that if these findings were to be adopted by this Court, Petitioner's request for a Certificate of Appealability be denied. (*Id*. at 67-68)

Petitioner timely filed a "Response to: Report and Recommendation (of Petitioners Writ of Habeas Corpus)" to the R&R ("Objection") (Doc. 22) on April 19, 2017. (Doc. 22).  Respondents filed their Reply to Petitioner's Objection ("Response") on April 26, 2017.  (Doc. 23).

## II.     Standard of Review

The duties of the district court in connection with an R&R by a magistrate judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 29 U.S.C. § 636(b)(1) of the Federal Magistrates Act.  Those authorities represent that a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). *See also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same).  The judge may then "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

The relevant provision of 28 U.S.C. § 636(b)(1)(C), however, "does not on its face require any review at all…of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989). And as Magistrate Judge Metcalf advised the parties in his R&R, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings.'" (Doc. 19 at 69); *see also Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted). Moreover, "[a]lthough the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (*citing Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'")) (internal citation omitted); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (*citing Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988); *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

Petitioner's 22-page handwritten objection to the R&R fails to articulate the specific findings and conclusions of the R&R to which he finds objectionable. As noted, a petitioner's failure to object with specificity to the Magistrate Judge's findings and conclusions in the R&R has "the same effect as would a failure to object." *Warling* 2013 WL 5276367, at *2. Because Petitioner timely filed a responsive pleading to the R&R, however, where feasible, the Court will construe his argument as an objection and attempt to connect those arguments to the findings and conclusions of the R&R.

**III. Objections**

First, throughout his Objection, Petitioner generally seems to argue that all of his

procedurally defaulted claims are excusable under *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). (*See generally* Doc. 22). Petitioner spends the majority of his Objection, however, arguing the erroneousness of the recommended dismissal of his claim that the trial court violated his constitutional rights when it amended the indictment. (Doc. 22 at 6-15). Relatedly, he also seems to object to the Magistrate's dismissal of his ineffective assistance of appellate counsel claims related to appellate counsel's refusal to raise trial counsel's failure to object to the indictment because trial counsel was his co-worker. (*Id.*) Finally, Petitioner argues that his request for an evidentiary hearing and a new trial should be granted.

## IV. Relevant Standards

### A. Default and Excuse

Federal review is generally not available for a state prisoner's claims when those claims have been denied pursuant to an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, because procedural default principles are based on considerations of comity and not jurisdiction, federal courts retain the authority to consider the merits of defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). Notwithstanding, a Court will not review the merits of a procedurally defaulted claim unless the petitioner demonstrates legitimate cause for his failure to exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

### 1. Cause

Generally, "cause" for a procedural default exists if a petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *accord Coleman*, 501 U.S. at 753. Because the acts of a petitioner's counsel are not external to the defense, they are generally attributable to the petitioner, and counsel's negligence, ignorance, or inadvertence does not qualify as "cause." *Coleman*, 501 U.S. at 752–54

(*citing Carrier*, 477 U.S. at 488). *Coleman* thus held that an attorney error will not constitute "cause" to excuse a procedurally defaulted claim unless the ineffective assistance of counsel itself amounts to an independent constitutional violation. *Id.* at 753–54; *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017). In its opinion, the *Coleman* Court went on to specifically note that because "[t]here is no constitutional right to an attorney in state post-conviction proceedings…a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman*, 501 U.S. at 752 (internal citations omitted). Consequently, it reasoned, the ineffectiveness of PCR counsel will typically not suffice to establish cause to excuse a procedural default.[1] The Supreme Court, however, recognized a "narrow exception" to this statement in *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). In *Martinez*, the Supreme Court held that

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing **a substantial claim of ineffective assistance at trial** if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17 (emphasis added). Accordingly, under the equitable ruling of *Martinez*, a petitioner may establish cause for the procedural default of an ineffective assistance of trial counsel claim "where the state (like Arizona) required the petitioner to raise that

---

[1] Petitioner objects to the Magistrate Judge's conclusion that he had no constitutional right to appointment of counsel in his PCR proceedings. (Doc. 22 at 5). He argues that because Arizona law "appoints counsel in every first collateral proceeding, *see* Ariz. R. Cr. Pr. R. 32.4(c)(2), this counsel must be effective per the USCA 6th Am." (*Id.*) In *Douglas v. California*, 372 U.S. 353, 357 (1963) the Court held that States must appoint counsel on a prisoner's first appeal. Accordingly, courts in this district have found that Arizona **pleading** defendants have a constitutional right to counsel in a first, of-right PCR. *See e.g.*, *Pacheco v. Ryan*, 2016 WL 7423410, at *25 (D. Ariz. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 7407242 (D. Ariz. Dec. 22, 2016). Such holdings are in line with *Douglas* but not Petitioner's argument. In Arizona, defendants that plead guilty have no right to a direct appeal. As noted by the Magistrate Judge, however, these holdings have no applicability to Petitioner, who did not plead guilty. He thus "not only had a right to seek a traditional direct appeal, he availed himself of that right. Accordingly, there is no basis to find a constitutional right to counsel in his PCR proceedings." (Doc. 19 at 31). *See also Martinez*, 566 U.S. at 16 (emphasizing that the limited exception afforded to petitioners seeking to excuse the default of ineffective of trial counsel claims due to the ineffectiveness of PCR counsel was based in equity, not constitutional considerations).

claim in collateral proceedings, by demonstrating two things: (1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]…' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (*quoting Martinez*, 566 U.S. at 14).

## 2. Prejudice

Even in the context of excusing the default of an ineffective assistance of trial counsel claim, *Martinez* did not alter the prejudice prong of *Coleman*. "Prejudice" is defined as the actual harm resulting from the alleged constitutional error or violation. *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). In seeking to excuse the procedural default of any claim, a petitioner bears the burden of showing not merely that the errors at his trial were possibly prejudicial, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension. *United States v. Frady*, 456 U.S. 152, 170 (1982).

## 3. Fundamental Miscarriage of Justice

"The fundamental miscarriage of justice exception is available 'only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence.'" *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (emphasis in original) (*quoting Kuhlmann v. Wilson,* 477 U.S. 436, 454 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404. Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B); *Schlup v. Delo*, 516 U.S. 298, 327 (1995) (to prove a "fundamental miscarriage of justice," a prisoner must establish that, in light of new and reliable evidence, "it is more likely than not that no reasonable juror

would have convicted him"). A court's assessment of whether there has been a fundamental miscarriage of justice that would justify a federal habeas court hearing a procedurally defaulted claim is only permitted "in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006).

Finally, this Court notes that issues of default and excuse all relate to the question of whether a claim has been properly exhausted. However, a federal habeas court may reject a claim on the merits without reaching the question of exhaustion at all. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless"); *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (holding that a federal court may deny an unexhausted petition on the merits when the petition does not raise a colorable federal claim).

## B. Ineffective Assistance of Counsel

As noted in *Martinez*, the controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a convicted defendant must show that counsel's performance was objectively deficient and counsel's deficient performance prejudiced the petitioner. *Id.* at 687.

To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Thus, review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105,

1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689. Indeed, "[t]he law does not require counsel to raise every available nonfrivilous defense." *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (citations omitted). And it is without question that counsel's failure to take futile action will never constitute deficient performance. *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). *See also Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").

In addition to showing counsel's deficient performance, a petitioner must establish that he suffered prejudice as a result of that deficient performance. *Id.* at 691-92. In the effective assistance of counsel context, a petitioner must demonstrate prejudice by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999); *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). It is not enough to merely show "that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

A habeas court may proceed directly to the prejudice prong without deciding whether counsel's performance was deficient. *Id*. at 697; *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Id*.

**V.    Analysis**

### A. Inapplicability of *Martinez* to Petitioner's Defaulted Claims

As noted, Petitioner invokes *Martinez* in his Objection. (Doc. 22 at 3, 4). In doing

- 12 -

so, he seems to suggest that *Martinez* should excuse all his defaulted claims, and at the very least, his ineffective assistance of trial counsel claim. *Martinez*, however, only applies if the defaulted claim is one of ineffective assistance of trial counsel. *Martinez*, 566 U.S. at 17-18; *Davila v. Davis*, 137 S. Ct. 2058, 2069 (2017). It does not apply when a Petitioner is seeking to excuse a procedural default of any other type of claim for relief. *Davila*, 137 S. Ct. at 2069 (noting the "domino effect" that could occur by extending *Martinez* to claims of ineffective assistance of appellate counsel: "Prisoners could assert their postconviction counsel's inadequacy as cause to excuse the default of their appellate ineffectiveness claims, and use those newly reviewable appellate ineffectiveness claims as cause to excuse the default of their underlying claims of trial error. Petitioner's rule thus could ultimately knock down the procedural barriers to federal habeas review of nearly any defaulted claim of trial error.").

Out of all the *defaulted* claims the Petitioner raised in his Amended Petition, only two qualify as claims for relief from ineffective assistance of counsel; both of these, however, are claims of ineffective assistance of *appellate* counsel. The Supreme Court has plainly held that *Coleman*, not *Martinez*, applies to the assessment of whether a default of an ineffective assistance of appellate counsel claims should be excused. *Davila*, 137 S. Ct. at 2062-63, 2069 (reasoning that the exception in *Martinez* was limited to claims of ineffective assistance of trial counsel because it was based on "the unique importance of protecting a defendant's trial rights, particularly the right to effective assistance of trial counsel").

The only claim of Petitioner's to which *Martinez* may have applied, therefore, is Ground 5(a), Petitioner's ineffective assistance of trial counsel claim for failing to call a computer expert. Trial counsel's failure to call a computer expert was the only theory Petitioner advanced in his Amended Petition for his ineffective assistance of trial counsel claim. But the Magistrate Judge properly concluded that this claim was exhausted: it was presented to and resolved on the merits in Petitioner's PCR appeal. (Doc. 19 at 19). Apart from generally arguing that his Sixth Amendment right to effective counsel has

been "egregiously violated," Petitioner has not specifically objected to the Magistrate Judge's findings or conclusions as they related to Ground 5(a) and thus the Court is not obligated to review that claim de novo. (Doc. 22 at 1). But because there was no default of his ineffective assistance of trial counsel claim, there is of course no need to assess whether *Martinez* applies to excuse any default of it. Because *Martinez* is inapplicable to the sole ineffectiveness of trial counsel claim raised in the Amended Petition, the Court overrules any objection on this basis.

### B. Properness of the Indictment

Liberally construed, Petitioner's Objection challenges the R&R's conclusion as to Ground 1(a) that Petitioner's Sixth Amendment rights were not violated when the trial court amended the indictment after dismissing the first three charges, which consisted of two counts of sexual conduct with a minor and one count of sexual exploitation of a minor based on a computer image of the sexual conduct. (*See* Doc. 22 at 6-16).

Petitioner did not object to the improperness of the amended indictment at trial or, as noted, on direct appeal. He did raise it in his PCR proceedings and in that appeal. The Arizona Court of Appeals found that Petitioner was precluded from arguing the propriety of the indictment because he had waived it by not presenting it on his direct appeal. The state appellate court nonetheless addressed the merits of the claim in the context of resolving Petitioner's ineffective assistance of trial counsel claim based on the same theory, i.e., in determining whether Petitioner's Sixth Amendment right to effective counsel were violated when trial counsel failed to object to the indictment. (Doc. 14-9, Ex. VV at 3). The court found the ineffective assistance of trial counsel claim on this theory "not colorable" because "counsel had no grounds to object" to the changes that were made to the indictment. (*Id.*)

Unlike the PCR appeal, the Amended Petition only raises the substantive argument with regard to the indictment and does not assert as an independent ground of relief that Petitioner's trial counsel was ineffective for failing to object to the indictment. (*See* Doc. 5. *See also* Doc. 19 at 35 ("Petitioner asserts only three grounds in his Petition based on

ineffective assistance of trial or appellate counsel: Ground 5 (IAC re expert) and Grounds 10 and 15 (conflict of interest")").[2]  In addressing the substantive claim regarding the impropriety of the indictment, the Magistrate Judge first concluded it was procedurally barred on an independent and adequate state ground. (Doc. 19 at 16).  He then concluded that ineffective assistance of trial or appellate counsel could not excuse the default of the substantive indictment claim under *Strickland* because the claim was meritless, and as such, Petitioner could not establish prejudice.[3]  (*Id.*)

Here is where Petitioner most takes issue with the R&R, arguing at length in his Objection that his ineffective assistance of trial and appellate counsel constitute sufficient cause to excuse his default of this claim and that his counsels' failure to raise the issue with regard to the defective indictment prejudiced his entire case.  The Court disagrees with Petitioner.  The Sixth Amendment indictment arguments raised by Petitioner lack merit and thus any attempt to raise them at trial would have been futile.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to which this case applies, this Court may not grant a writ of habeas corpus to a state

---

[2] Although his Amended Petition did not seek relief on the grounds that his trial court was ineffective by failing to object to the amended indictment, Petitioner appears to make such arguments in his Objection. (Doc. 22 at 11). The Court agrees with the Magistrate Judge's conclusion that the amendment to the indictment did not violate Petitioner's constitutional rights, however.  *See infra.*  Thus, even if this Court were to consider an ineffective assistance of trial counsel claim that had not been fairly presented to a magistrate, which it is not required to do, the ineffective assistance of trial counsel claim for failing to object to the amendment arguably presented in Petitioner's Objection would be dismissed on its merits for Petitioner's inability to establish prejudice under *Strickland.  See United States v. Howell,* 231 F.3d 615, 622 (9th Cir. 2000) (observing that, although a district court has discretion not to consider an issue raised for the first time in objections to a report and recommendation, the district court must show that it "actually exercise[d]" that discretion).  *See also Brown v. Roe*, 279 F.2d 742, 746 (9th Cir. 2002) (holding that a district court is not *required* to consider claims raised for the first time in a party's objection to a magistrate judge's recommendation).

[3] Noting the arguable application of *Martinez* to Petitioner's defaulted indictment claim, the Magistrate Judge conducted its merits review of the underlying claim *de novo.  See Dickens v. Ryan,* 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc) (finding that a de novo review should be extended to the determination of cause when *Martinez* applies). However, *Martinez* is inapplicable to the determination as to whether the default of the arguments raised in Ground 1(a) should be excused.  *Martinez* applies only in the context of assessing whether to excuse the default of an ineffective assistance of trial counsel claim, not a substantive ground for relief like Ground 1(a).  The Court nonetheless agrees with the Magistrate Judge's ultimate conclusion that the claim is meritless, regardless of which standard is applied.

- 15 -

prisoner on a claim adjudicated on the merits in state court proceedings unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). When conducting its analysis, this Court must review the "last reasoned state court opinion." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 (1991). When the state's highest court denies the claim summarily, the federal court looks through to the last reasoned decision. *See Johnson v. Williams (Tara)*, 568 U.S. 289, 297 n.1 (2013). Here, the last reasoned decision on the issue of Petitioner's indictment is that of the Arizona Court of Appeals, which addressed the claim in assessing whether Petitioner's Sixth Amendment rights were violated when trial counsel failed to object to the amended indictment. Accordingly, it is to this opinion that the Court will look.

### 1. Federal Law

"In all criminal prosecutions, the accused shall enjoy the right…to be informed of the nature and cause of the accusation…" U.S. Const. amend. VI; *Gautt v. Lewis*, 489 F.3d 993, 1002-03 (9th Cir. 2007) ("The Sixth Amendment guarantees a criminal defendant the fundamental right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a defense."). "When determining whether a defendant has received fair notice of the charges against him, we begin by analyzing the content of the information." *Gautt*, 489 F.3d at 1003.

Here, prior to trial, the trial judge granted the State's motion to dismiss the first three charges of the indictment. After they were dismissed, the state court ordered that the charges be renumbered for the convenience of the jury. Petitioner does not contend, and the record does not reflect, that any change or omission was made to the counts that remained and on which he was tried and convicted. The Magistrate Judge concluded that the state court's change to the indictment did not deny the Petitioner's notice of the charges he faced. (Doc. 19 at 44). The Court agrees. The charges that remained in the

indictment following the dismissal of the first three charges were unchanged from the time they had been presented to the grand jury. Nothing in their substance was altered such that Petitioner was not on notice of the charges being brought against him. Thus, trial counsel's failure to raise an objection on such grounds did not implicate Petitioner's Sixth Amendment rights; such an objection would have been futile under federal law. As such, Petitioner suffered no prejudice as a result of trial counsel's failure to raise it such that his default of the claim should be excused under federal law.

### 2. State Law

The change was also not objectionable under state law. Generally, "a trial court may not amend an indictment to charge new and different matters of substance without the concurrence of the grand jury." *State v. O'Haire*, 720 P.2d 119, 121 (Ariz. Ct. App. 1986). However, Arizona law allows a trial court to amend an indictment "to correct mistakes of fact or remedy formal or technical defects." Ariz. R. Crim. P. 13.5(b). "A defect in the indictment may be considered formal or technical when its amendment does not operate to change the nature of the offense charged or to prejudice the defendant." *O'Haire*, 702 P.2d at 121. The Arizona Court Appeals held:

> Regarding the alleged amendment of the indictment, Weber concedes that the court did nothing more than renumber the counts after the court dismissed some counts prior to trial. The court did not change the substance of any of the counts. The sentence minute entry also shows the court actually renumbered the counts only for presentation to the jury. Therefore, counsel had no grounds to object.

(Doc. 19-4, Exhibit VV at ¶ 5). Petitioner argues that because the charges that were dismissed from the indictment were supported by allegedly falsified evidence, their dismissal called the whole indictment into question. Specifically, he intimates that a grand jury would "have had a greater suspicion of the entire indictment 'if' they would have known the truth – in that the state fabricated alleged photo of Petitioner caught in a photo molesting a child[.]" (Doc. 22 at 7). At best, however, Petitioner is asking for another bite at the grand jury apple. In doing so, he does not explain how the court's decision to renumber the counts before trial changed their substantive nature or in any

way prejudiced him.  *O'Haire*, 702 P.2d at 121. He certainly has not met his burden of showing that the Arizona Appeals Court's resolution of the issue was based on an unreasonable determination of the facts in light of the evidence presented to it. § 2254(d)(2).

In sum, the underlying claim related to the improperness of the indictment lacked merit, and thus Petitioner could not establish prejudice by showing that his trial or appellate counsel was ineffective for failing to raise it.  Petitioner has not met his burden of showing that the state court's adjudication of the issue was contrary to or an unreasonable application of federal law related to indictments or that its determination that the amendment was proper was based on an unreasonable determination of the facts presented to that court.

This Court thus overrules Petitioner's objection on this Ground.

## C. Conflict of Interest Claims

In his Amended Petition, Petitioner asserts ineffective assistance of appellate counsel claims (Grounds 10 and 15) in which he contends that his appellate counsel failed to raise unspecified claims on direct appeal because his appellate counsel worked at the same firm as his trial counsel. (Doc. 5 at 14, 19).  As a result of their co-worker status, Petitioner argues that Appellate counsel was operating under a conflict of interest and thus motivated not to raise "various trial errors" on appeal. (*Id*.)  The Magistrate Judge concluded Petitioner had not exhausted his state remedies on a claim related to appellate counsel's ineffective assistance of counsel based on a conflict of interest because he had not raised that claim in his PCR proceedings.  (Doc. 19 at 30).  Petitioner does not specifically object to this finding and this Court agrees with the conclusion that these claims are procedurally defaulted. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  The Magistrate Judge ultimately concluded that that the Petitioner could not establish he had been prejudiced by any conflict appellate counsel may have had that motivated him to refrain from raising

various trial errors because all the errors raised in his Amended Petition were without merit.[4]  The Magistrate Judge's conclusion that the claims of trial error themselves were not viable thus dispelled "any presumption that the claim was not pursued because of the conflict of interest, as opposed to the lack of merit," and further disposed of "any purported prejudice from the conflict of interest."  (Doc. 19 at 40-41).  Moreover, because the substantive claim of ineffective assistance of appellate counsel due to an alleged conflict lacked merit, it could not provide the basis to excuse any procedural default of other claims.

"The due process clause of the fourteenth amendment guarantees a criminal defendant the right to the effective assistance of counsel on his first appeal as of right." *Miller v. Keeney*, 882 F.2d 1428, 1431 (9th Cir.1989) (*citing Evitts v. Lucey*, 469 U.S. 387 (1985)).  "Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest."  *Wood v. Georgia*, 450 U.S. 261, 271 (1981).  Claims of ineffective assistance of appellate counsel, like claims of ineffective assistance of trial counsel, are reviewed under the standards set forth in *Strickland*.  *Moorman v. Ryan*, 628 F.3d 1102, 1106 (9th Cir. 2010).

> First, the petitioner must show that counsel's performance was objectively unreasonable, which in the appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue…Second, the petitioner must show prejudice, which in this context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal.

---

[4] At the time the Magistrate issued his R&R, Ninth Circuit precedent had extended the *Martinez* cause standard to procedurally defaulted ineffective assistance of appellate counsel claims.  *See Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013).  Accordingly, the Magistrate Judge applied the standards from *Martinez* to assess whether Petitioner had established cause to excuse the procedural default of his ineffective assistance of appellate counsel claim due to the ineffective assistance of his PCR counsel. (Doc. 19 at 35-41).  As noted, *Davila* has since foreclosed the extension of *Martinez* to such claims.  The change in precedent is without legal consequence here, however, because the Magistrate Judge ultimately found the Petitioner could not establish he had been prejudiced by appellate counsel's failure to raise meritless claims.  *Martinez* did not affect the prejudice prong of *Coleman*.

- 19 -

*Id.* at 1106-07 (*citing Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (internal citations omitted).

Petitioner's claims of ineffective assistance of appellate counsel relate to appellate counsel's failure to raise issues regarding trial counsel's deficient representation because of appellate counsel's conflict of interest. But a conflict of interest alone, even an actual conflict, does not render an appellate counsel's representation constitutionally deficient. Petitioner must first show that trial counsel provided constitutionally deficient representation in taking or failing to take some action. *Moormann*, 628 F.3d at 1106–07 ("[T]o determine whether appellate counsel's failure to raise these claims was objectively unreasonable and prejudicial, we must first assess the merits of the underlying claims that trial counsel provided constitutionally deficient representation.") (citing *Hain v. Gibson*, 287 F.3d 1224, 1231 (10th Cir.2002) (to properly address a claim of ineffective assistance of appellate counsel, court must look to the merits of the omitted issue). Only then will the Court need to assess whether appellate counsel failed to raise those deficiencies as a result of his actual conflict of interest. "If trial counsel's performance was not objectively unreasonable or did not prejudice Petitioner, then appellate counsel did not act unreasonably in failing to raise a meritless claim of ineffective assistance of counsel, and Petitioner was not prejudiced by appellate counsel's omission." *Moorman*, 628 F.3d at 1107 (citing *Wildman v. Johnson,* 261 F.3d 832, 840 (9th Cir.2001) ("[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal."); *Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir.1997) ("A hallmark of effective appellate counsel is the ability to weed out claims that have no likelihood of success, instead of throwing in a kitchen sink full of arguments with the hope that some argument will persuade the court.").

Petitioner does not specify what claims of error serve as the basis of trial counsel's deficient representation underlying his conflict of interest claims in his Objection. Construed liberally, this Court interprets the Objection to argue that appellate counsel

failed to raise trial counsel's failure to raise arguments related to the amended indictment because appeals counsel worked at the same firm as trial counsel. Because the Court has already determined, however, that Petitioner's indictment-related claim lacks merit, it also concludes that Petitioner cannot meet his burden of showing that appellate counsel acted unreasonably in failing to raise this meritless claim of ineffective assistance of trial counsel, or that Petitioner was prejudiced by the omission. The Court notes, however, that it has reviewed the R&R at length and agrees with the Magistrate Judge that all of the claims in the Amended Petition lack merit.

The Court therefore overrules any objection to Petitioner's claims in Grounds 10 and 15.

### D. Remaining "Objections"

Petitioner has not triggered de novo review as to the remainder of his Objection because any other objections lack the requisite specificity. Indeed, it is hard to characterize Petitioner's arguments as objections at all; in large part, the Objection restates the points Petitioner argued in his Amended Petition and Reply brief. Moreover, undertaking a de novo review of Petitioner's general objections at this point would defeat the "obvious purpose" of the specific objection requirement, which is judicial economy. *See Warling*, 2013 WL 5276367, at *2 (citing *Thomas*, 474 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121). Because de novo review of an entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object" and the Court has no obligation to review the remainder of Petitioner's general objections to the R&R. *See id.* (citing *Howard*, 932 F.2d at 509; *Haley*, 2006 WL 1980649, at *2).

Notwithstanding, the Court did not simply accept the remainder of the R&R. Instead, the Court reviewed the R&R, the many exhibits referenced therein, and the applicable law and concluded that Magistrate Judge Metcalf's recommendations are sound and supported by a correct application of the law throughout.

### E. Evidentiary Hearing

Petitioner requests an evidentiary hearing. The Court will deny Petitioner's request. The standard for holding an evidentiary hearing in a habeas case is set forth in 28 U.S.C. § 2254(e)(2), and states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Evidentiary hearings, however, are not authorized for claims adjudicated on the merits in the State court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-1401 (2011). Such claims are subject to review under § 2254(d)(1), which asks whether a State Court's decision on the claim was contrary to, or an unreasonable application of, clearly established federal law. *Id.* at 1398. "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* Evidence introduced in federal court would, therefore, have no bearing on the Court's review under § 2254(d)(1). *Id.* at 1400. As a result, evidentiary hearings pursuant to 28 U.S.C. § 2254(e)(2) are inapplicable to claims decided on the merits in State Court. *Id.* at 1401.

As the above analysis demonstrates, the State Court adjudicated Petitioner's indictment claim on the merits. Applying § 2254(d)(1), this Court has determined that the State Court decision was not contrary to, and did not involve an unreasonable application of, clearly established Supreme Court law. Under *Pinholster*, the Court's analysis was limited to the record before the State Court that decided the claims on the merits. The Court could not consider any newly presented evidence. Petitioner is therefore not entitled to an evidentiary hearing.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Metcalf's R&R (Doc. 19) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that Grounds 1(a), 1(b), 3, 4, 7, 9, 10, 12, 14, 15, 16, 17(a), and 17(b) of Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Grounds 1(c), 2, 5(a), 5(b), 6, 8, 11, and 13 of Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **denied**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability is **denied** because dismissal of the Amended Petition is in part justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and in part justified because reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.

**IT IS FURTHER ORDERED** that the Motion for Case Status (Doc. 24) is **denied** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 25th day of September, 2018.

Honorable Diane J. Humetewa
United States District Judge

- 23 -